UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTOPHER L. SECHLER and**
**SUSAN R. SECHLER**                                    **PLAINTIFFS**

                                    **CAUSE NO. 3:22-cv-00198-DMB-RP**

**U.S. BANK NATIONAL ASSOCIATION,**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**            **DEFENDANT**

_____

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' URGENT AND**
**NECESSITOUS MOTION FOR PRELIMINARY INJUNCTION**
_____

COME NOW, Christopher L. Sechler and Susan R. Sechler, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7(b)(4), in support their motion for preliminary injunction, stating the following, to-wit:

**<u>Introduction</u>**

Plaintiffs' putative creditor, U.S. Bank National Association, Trustee For Truman 2016 SC6 Title Trust, intends to non-judicially foreclose on Plaintiffs' homestead on September 29, 2022, despite not having complied with the requirements of the UCC concerning negotiable instruments and despite having previously established by its predecessor's pleadings that "because of the missing assignment(s), Plaintiff is unable to proceed with a Power of Sale of Foreclosure as contemplated in the Deed of Trust and is therefore unable to enforce the payment of the indebtedness."[1] Because neither the note or the deed of trust is enforceable, and because Defendant should be judicially estopped from proceeding in a manner it said was inappropriate, Defendant has no right of foreclosure and barring this Court's intervention will wrongfully

---

[1] See Exhibit 3 to Motion, DeSoto Co., Miss. Chancery Court Cause 17CH1:19-cv-01384, Doc. #2 Complaint For Judicial Foreclosure, at paragraph 15.

1

foreclose on Plaintiffs.

Plaintiffs will suffer irreparable damage which outweighs any damage that the injunction might cause the Defendant so an injunction should be granted postponing the foreclosure sale.

**Factual and Statutory Background**

Plaintiffs reside at 3821 Nail Road, Horn Lake, Mississippi 38637 (the "Property") and have done so uninterrupted since August 2, 2000.

Plaintiffs refinanced the Property on January 29, 2004, with Ameriquest Mortgage Company. During the life of the loan, Plaintiffs requested and were granted a loan modification due to hardship. However, the lender at the time mishandled the modification and supposedly sold the loan to another entity which claimed to have no knowledge of the modification agreement. This new entity refused to honor the agreement of his predecessor and rejected Plaintiffs' attempts to negotiate another loan modification. Due to the lender's failure and refusal, Plaintiffs' loan (supposedly) went into default. Plaintiffs then started to receive instructions to pay entities unknown to them and which Plaintiffs had reasonable grounds to question whether they were legitimate creditors. As of today, despite all the litigation, Plaintiffs are still unsure who, if anyone, is the legitimate creditor.

At some point, believed to be around February 15, 2013, the lender with whom Plaintiff's dealt, Ameriquest Mortgage Company, filed an Application for Certificate of Withdrawal with the Mississippi Secretary of State.[2] Upon information and belief, Ameriquest had already entirely dissolved as a viable legal entity, perhaps as early as 2007.[3]

The next entity attempting to enforce the deed of trust was "Household Financial

---

[2] Exhibit 3; DeSoto Co., Miss. Chancery Court Cause 17CH1:19-cv-01384, Doc. #2 Complaint For Judicial Foreclosure, at paragraph 3.
[3] https://en.wikipedia.org/wiki/Ameriquest_Mortgage ("Ameriquest was one of the largest United States sub-prime mortgage lenders until its dissolution in September 2007.")

Services, Inc." How this happened is unclear. The Household Assignment[4] is from "Household Financial Services, Inc. as Attorney-in-fact for Home Loan and Investment Bank, F.S.B., A Corporation," to "Mortgage Electronic Registrations Systems, Inc, A Corporation." This Assignment lists "Ameriquest Mortgage Company" as the "Original Beneficiary" and attaches as an exhibit a "Limited Power of Attorney" stating that "Home Loan and Investment Bank ("Seller") has sold or intends to sell certain Loans to Household Financial Services, Inc., and its Affiliates (collectively, "Buyer") pursuant to that certain Flow Loan Purchase Agreement…" Plaintiffs have never seen the Flow Loan Purchase Agreement. Plaintiffs have no way to know whether their loan was ever owned by Home Loan and Investment Bank, F.S.B. and no way to know if it was sold to Household Financial Services, Inc.

No explanation of the relationship between Ameriquest and Home Loan and Investment Bank is provided in the Household Assignment. The Household Assignment leaves the "Date of Transfer" blank. The notarial seal on the Limited Power of Attorney attached as an exhibit to the Household Assignment is either entirely missing or was affixed in such a manner that it was not reproduced on the recorded instrument.

The Limited Power of Attorney attached as an exhibit to the Household Assignment is dated September 26, 2001, eight hundred fifty-five (855) days *before* Ameriquest was granted a security interest in the Premises.

As the result of a series of questionable and likely improperly handled assignments of the note and deed of trust, Defendant U.S. Bank National Association, as legal title trustee for Truman 2016 SC6 Title Trust, alleges it is the "Current Creditor" of the Property, although not a creditor of the Plaintiffs. In other words, U.S. Bank National Association, as legal title trustee for Truman 2016 SC6 Title Trust, alleges it owns and holds a valid security interest in the Property

---

[4] Exhibit 6 to Plaintiffs' motion.

but is not seeking a monetary recoupment from the Plaintiffs due to their bankruptcy discharge.[5]

Defendant claims its rights under the note that is unenforceable against Plaintiffs. See page two

of Exhibit 5 which states:

> This notice is not intended to collect the debt against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

On August 15, 2022, U.S. Bank National Association as Legal Title Trustee for Truman

2016 SC6 Title Trust sent Plaintiffs a "Notice of Acceleration and Foreclosure" stating that a

foreclosure sale is scheduled for September 29, 2022, "because of default under the terms of said

*Deed of Trust*."[6] Emphasis supplied. There is no reference to the note which supposedly entitles

Defendant to the indebtedness and by extension the power of foreclosure in the deed of trust.

No later than Thursday, August 18, 2022, Defendant became aware of Plaintiff's state

court lawsuit and indicated that it intends to defend this action based on the authority contained

in *Applewhite v. Carrington Mortg. Services, LLC*, Not Reported in F.Supp.3d (2014), 83 UCC

Rep.Serv.2d 372. This case holds in part that "[t]he assignment of the note [ ] operate[s] as

assignment of the mortgage also … 'the assignee of the note is entitled to resort to the mortgage

and all other securities, which were given for the purpose of assuring its payment, as its

incidents.'" *Id.* at *3, citing *Lindsey v. Bates*, 42 Miss. 397, 400 (Miss.Err. & App.1869).

However, this holding is conditioned on the premise that ""nobody can be a holder without

possessing the instrument, either directly or through an agent." *Id.* at *2, citing Miss. Code. Ann.

§ 75–3–201 U.C.C. cmt. 1.

As noted above, Defendant concedes that the note is not enforceable against Plaintiffs.

Plaintiffs are aware of no authority which says Defendant can foreclose on the Property where

---

[5] United States Bankruptcy Court for the Northern District of Mississippi, Case No. 21-11281-JDW.
[6] See Exhibit 5 to Plaintiffs' Motion.

the note is not enforceable against the makers and where the deed of trust is not validly assigned to the purported possessor. The note contains no grant of security in the property or grant of authority to foreclose on the collateral.

Furthermore, under Miss. Code. Ann. § 75-3-302(2)(iii), no entity could be a holder in due course if the underlying note had been dishonored or was in uncured default - which this note certainly was (according to Defendant) by the time Defendant allegedly took custody of the note. In other words, there is no way that U.S. Bank National Association, Trustee For Truman 2016 SC6 Title Trust, is a holder in due course because Defendant claims the note has been in default since June 2015.

Defendant, although aware by the end of August of the state court lawsuit and a preliminary injunction hearing set for September 22, 2022, did not remove this matter September 14, 2022. Whether it was intended or not, Defendant's delay has prejudiced Plaintiffs' opportunity to have this matter decided without it becoming an urgent matter. Plaintiffs pray for the Court' indulgence in hearing this matter on an emergency basis.

Counsel for Plaintiffs asked Defendant the location of the original promissory note on August 18, 2022, 3:27 PM. After asking again on September 14, 2022, at 2:20 PM (EDT) counsel for Defendant responded:

> My understanding is that the promissory note is with the custodian for U.S. Bank, as Trustee for Truman 2016 SC Title Trust. My client is going to have the original note sent to me. Before either of us got involved in this prior case, the original note was brought to court by Eric Miller at Shapiro and Brown. A copy of what he brought to court and presented to the judge in that case is attached.

The attachment to that email is included as Exhibit 2 to Plaintiff's Motion.

The Court will note that the version of the note produced in the state court action *differs* from that version attached to the email. Compare Exhibits 1 and 2 to the Motion. Specifically, the version produced via email on September 14, 2022 contains a purported

indorsement (undated) that was not contained on what was represented to be a true and correct copy of the <u>original</u> note produced to the state court. See Exhibit 4 (p.5, l. 16: "But I have the original note here." p. 6, l. 4-6: "MR. MILLER: Can I get this entered as a -- an exact copy of the -- the note? THE COURT: Yes, you can.") Either the state court version was not an "exact copy" or the indorsement was added later. Plaintiffs know not which.

Under Miss. Code Ann. § 75-3-501(b)(2), Plaintiffs were entitled to demand of Defendant that Defendant "(i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made." Defendant has not done so. In fact, the copy (not original) recently emailed by Defendant is not even identical to the version Defendant's predecessor represented to the state court was an "exact copy" of the original note. Defendant has not offered any explanation for why or when the alleged indorsement was applied or given Plaintiffs any chain of title as to how Defendant supposedly came into possession of the original note.

Under Miss. Code Ann. § 75-3-501(b)(3)(ii), Plaintiffs are entitled to "refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule." Defendant is only entitled to enforce the note in accordance with Miss. Code Ann. § 75-9-203(g) which is rigidly enforced.

In addition to the concerns about the difference between the "exact copy" of the note and the one which Defendant has recently submitted, the Court should also take heed that no one, not even the Defendant, contends the assignments of the deed of trust were properly done at all points along the line. In fact, that is precisely why the Defendant's predecessor filed the DeSoto county lawsuit. These defects are likely fatal to the enforceability of the deed of trust as explained below:

6

Except as provided in Mississippi Code Annotated section 89-5-37, any assignment of a deed of trust must be made by marginal notation or by filing a written assignment which has been properly acknowledged.

K.F. Boackle, Mississippi Real Estate Foreclosure Law § 1:3, citing Miss. Code Ann. §§ 89-5-15 and 89-5-17; *Pace v. Wedgeworth*, 198 Miss. 1, 20 So. 2d 842 (Miss. 1945).

Almost as if it was intended to make Plaintiffs' point, during the authorship of this motion Plaintiffs' counsel received a "Mortgage Statement" from Rushmore Loan Management Services[7] which does not even attempt to identify the current creditor but says payments should be made to "Rushmore Loan Management Services LLC" in California. Defendant is an Ohio citizen.[8]

## **Standard of Review**

Under Federal Rule of Civil Procedure 65 this Court may issue a preliminary injunction suspending the non-judicial foreclosure scheduled for September 29, 2022.

A plaintiff is not required to prove its case in full to merit a preliminary injunction or temporary restraining order. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Rather, both a preliminary injunction and a temporary restraining order are warranted where the plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest. *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

The four preliminary injunction factors are weighed on a sliding scale; where the

---

[7] Exhibit 7 to Motion.
[8] Doc. 1, Diversity Jurisdiction, paragraph 3.

likelihood of success is high, proof that the balance of hardships favors the plaintiff is correspondingly less important. See *Fla. Medical Ass'n v. U.S. Dep't of HEW*, 601 F.2d 199, 203 n.2 (5th Cir. 1979); see also *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 597 (3d Cir. 2002) ("the more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor"); *Ponce v. Socorro Indep. Sch. Dist.*, 432 F. Supp. 2d 682, 704-05 (W.D. Tex. 2006) (summarizing test), vacated on other grounds, 2007 U.S. App. LEXIS 26862 (5th Cir. Nov. 20, 2007).

### *(1) Plaintiffs have a substantial likelihood of success on the merits*

Plaintiffs have a substantial likelihood of success on the merits because the original note has not been produced, Defendant is not a holder in due course, the copies of the supposed original note do not match, and the assignment history for the deed of trust is both contradictory and incomprehensible. The burden of establishing that Defendant is a holder in due course and has the power of foreclosure, plus establishing that Plaintiffs are in default, is upon Defendant. Defendant should not be permitted to circumvent the process it said the original DeSoto county action was not available. Judicial estoppel is designed to prevent exactly such behavior. Standard Oil Co. v. Crane, 199 Miss. 69, 23 So.2d 297 (1945) ("a court has the right, if not the duty, to hold a litigant to the position which he takes in seeking its aid and, by assuming in his behalf utter good faith in the first instance, to reproduce such assumption later, even to his hurt").

Only the person entitled to enforce the note can demand payment under the same, directly or via agent, Miss. Code Ann. § 75-3-501(a), and the holder is obligated to produce the instrument when demanded by the debtor. Miss. Code Ann. § 75-3-501(b)(2) and Miss. Code Ann. § 75-3-308(b). As noted elsewhere, Plaintiffs have not been presented with the original note despite demand.

8

The alleged indorsement on the note is not dated and is unauthenticated. The Limited Power of Attorney attached as an exhibit to the Household Assignment is dated September 26, 2001, eight hundred fifty-five (855) days **before** Ameriquest was granted a security interest in the Premises. It is impossible to hold and then assign a security interest two years before the interest was created.

Just because Defendant alleges to have the indorsed note is insufficient. A mortgage/deed of trust is distinct from the debt even though they are closely related. See *Elder v. Jones*, 106 Miss. 489, 64 So. 212 (Miss. 1914) ("It is true there appears a written transfer of the mortgage on its back, but this is in nowise an appointment of R. G. Jones as trustee to foreclose the same, and is itself entirely superfluous, because a transfer of the notes transfers also the security.") and *Kirby v. Bank of America N.A.*, No. 2:09-CV-182-DCB-JMR, 2012 WL 1067944, at *4 (S.D. Miss. Mar. 29, 2012) (special relationship between a deed of trust and a promissory note entwines the rights and remedies each instrument creates"). There is only one original note, and only the person in possession of that original (and possession meaning UCC-qualifying possession, i.e., not agent or bailee) has all rights in the deed of trust whether or not named as an assignee of the deed of trust.

Because Defendant has yet to produce the original note at the demand of Plaintiff, it is doubtful whether the note is even in default since Plaintiff has from all the way back in 2015 questioned the proper authority and identity of the alleged creditor. Miss. Code Ann. § 75-3-501(b)(3).  To be a holder in due course, Defendant must also produce proof the note was acquired for consideration, Miss. Code Ann. § 75-3-302(a)(2), and by qualified negotiation. Miss. Code Ann. § 75-3-201.

**(2) There is a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is not granted**

The house at issue is Plaintiffs' homestead. There are few actions which pose greater potential harm than to dispossess Plaintiffs of their home. Plaintiffs have lived in this property in excess of two decades. Plaintiffs have no suitable place to go or sufficient time in which to remove themselves and their personal property from the real estate. Plaintiffs have numerous animals under their care which cannot be easily accommodated. Plaintiffs have not used time or trouble to their advantage; to the contrary, Plaintiffs initiated this action to bring the matter to an orderly conclusion and it was Defendant who delayed presentation of this issue to the Court.

**(3) The threatened injury outweighs any damage that the injunction might cause the Defendant**

A preliminary injunction is also warranted because the "threatened injury to [Plaintiffs] . . . outweighs the potential harm the injunction causes the [Defendants]." *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 332 (5th Cir. 1981).

The Defendant contends Plaintiffs have been in breach of the loan agreement since June 2015.[9] Assuming that to be true, the Defendant will not suffer any additional significant harm or damage by postponing the non-judicial foreclosure sale. The fact that more than seven years have elapsed since the alleged breach and that Defendant voluntarily dismissed the previous state court action ought to be proof enough that Defendant is not apt to incur irreparable injury and Defendant itself does not consider this an urgent matter. Simply put, there is little to no damage that will be caused to Defendant by delaying the sale until the adjudication of this matter.

The Fifth Circuit has explained that when there is a "substantial likelihood of success on the merits, however, the harm to the [Defendant] from delaying enforcement is slight." *Fla.*

---

[9] Exhibit 3; DeSoto Co., Miss. Chancery Court Cause 17CH1:19-cv-01384, Doc. #2 Complaint For Judicial Foreclosure, at paragraph 14.

*Businessmen for Free Enterprise v. Hollywood*, 648 F.2d 956, 959 (5th Cir. 1981). Here Plaintiffs are likely to prevail and the injury to Defendant will be slight.

### *(4) The injunction will not disserve the public interest.*

There are no broad public policy or public interests involved in this matter. The legal topics of negotiable interests and deeds of trust are mature subjects and this matter, despite its unusual fact pattern - or maybe because of its unusual fact pattern - is unlikely to be of significant public interest.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff respectfully prays for the relief set forth supra, together with any and all other relief, general or specific, appropriate in the circumstances.

BY: FREELAND MARTZ, PLLC

/s/ Reed Martz

_____
M. REED MARTZ, MS BAR 101443

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
reed@freelandmartz.com

11

## **Certificate of Service**

I hereby certify that on September 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Amanda M. Beckett, Esq.        abeckett@rubinlublin.com
ab-ecf-notifications@rubinlublin.com
amandambeckett@gmail.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

/s/ M. Reed Martz, MS Bar 101443