UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRISTOPHER L. SECHLER and
SUSAN R. SECHLER                                                                                   PLAINTIFFS

CAUSE NO. 3:22-cv-00198-DMB-RP

U.S. BANK NATIONAL ASSOCIATION,
TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST                                  DEFENDANT

**MEMORANDUM BRIEF IN SUPPORT OF
PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

COME NOW, Christopher L. Sechler and Susan R. Sechler, pursuant to Local Uniform Civil Rule 7(b)(3)-(4), in opposition to Defendant's Motion to Dismiss [Doc. 13].

Defendant wrongly contends that Plaintiffs' lawsuit should be dismissed under Rule 12(b)(6) because: a) "Plaintiffs allege no facts as to why or how the Deed of Trust is supposedly void"[1] and therefore no actual controversy exists; b) the fact that there are missing assignments does not prohibit the (alleged) holder of the promissory note from enforcing the deed of trust;[2] and c) "There are simply no facts showing an actual controversy with regard to U.S. Bank's right to enforce the note."[3]

Even a cursory review of Plaintiffs' Complaint [Doc. 2] completely undermines the Defendant's arguments. As the Court knows and Defendant admits,[4] all well-pleaded allegations of the complaint as taken as true. In this case, that includes the following (all paragraph citations are to the current Complaint [Doc. 2]):

---

[1] Doc. 14 at page 5.
[2] Doc. 14 at page 6.
[3] Doc. 14 at page 7.
[4] Doc. 14 at page 4, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

As to invalidity of the deed of trust: ¶5, Defendant is accountable for the acts and misdeeds of its predecessors in interest; ¶¶ 19-26, the predecessors asserted rights and ownership they did not have with documents that are facially inconsistent, such as missing missing notarial seals and having execution dates that precede the security interest by years, based on "incomprehensible" assignments and documents that were supposedly lost; despite the admission that the deed of trust was so bungled that it could not be non-judicially foreclosed, proceeding with non-judicial foreclosure anyway, ¶¶ 28, 34-35; and Plaintiffs owe nothing to Defendant and Defendant has no right to collect a debt that Plaintiffs do not owe, ¶¶ 36-39. Plaintiffs have clearly alleged "that the security instrument(s) through which Defendant asserts its rights is void." ¶ 39.

As to the allegation that the missing assignments are immaterial, Defendant's argument is premised on Defendant having the right to enforce the promissory note under the UCC and other law. But Plaintiffs have alleged that Defendant is not the rightful holder of the note and that they owe nothing to Defendant (¶ 39). If Defendant is not the proper holder of the note and Plaintiffs do not owe Defendant anything, Defendant obviously lacks any authority to foreclose the deed of trust. Furthermore, Plaintiffs have concisely pleaded that the deed of trust is void (¶ 36), the security instrument(s) are void (¶ 38), and they owe nothing to Defendant (¶ 39).

The final argument made by Defendant is exactly the argument it cannot make under Rule 12(b)(6). To be entitled to dismissal under 12(b)(6), the Court must determine that even if everything a plaintiff claims is true then the plaintiff still would lose as a matter of law. Rather than applying that standard, Defendant advances legal arguments as to why it believes the facts - much of which are contested - will be resolved in its favor.

Incredibly, Defendant claims "the Plaintiffs have not alleged anywhere in the Complaint that U.S. Bank is not the holder of the underlying promissory note or not otherwise entitled to

2

enforce the note."[5] Plaintiffs would cite the Court to ¶ 39 where Plaintiffs claim "The Court should declare that Plaintiffs owe nothing to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust,…" See also ¶¶ 34-35 which cast doubt on Defendant's entitlement to collect from Plaintiffs.

Concurrent with filing this response Plaintiffs are filing a motion for leave to amend their complaint to add additional claims arising subsequent to the filing of their original complaint. Plaintiff has taken the opportunity to also precisely address the perceived deficiencies raised in Defendant's motion and, if granted, the amended complaint will resolve all matters in Defendant's present motion.

WHEREFORE, Plaintiffs respectfully request this Court: 1) deny Defendant's motion to dismiss; 2) permit Plaintiffs to amend their complaint pursuant to the separately filed motion; and 3) for such other and further relief as the Court deems just and proper.

        CHRISTOPHER L. SECHLER and SUSAN R. SECHLER

        BY: FREELAND MARTZ, PLLC

        /s/ Reed Martz

        _____
        M. REED MARTZ, MS BAR 101443

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
reed@freelandmartz.com

---

[5] Doc. 14 at page 7.

## **Certificate of Service**

      I hereby certify that on October 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Amanda M. Beckett, Esq.        abeckett@rubinlublin.com
ab-ecf-notifications@rubinlublin.com
amandambeckett@gmail.com

      I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

      /s/ M. Reed Martz, MS Bar 101443