**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CHRISTOPHER L. SECHLER and**
**SUSAN R. SECHLER**                                                                      **PLAINTIFFS**

                                                    **CAUSE NO. 3:22-cv-00198-DMB-RP**

**U.S. BANK NATIONAL ASSOCIATION,**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**                          **DEFENDANT**

---

**FIRST AMENDED COMPLAINT**

---

**JURY TRIAL DEMANDED**

   COME NOW, Christopher L. Sechler and Susan R. Sechler, Plaintiffs, to bring this action

against the above-named Defendant, stating in support thereof the following, to-wit:

1.  Plaintiffs Christopher L. Sechler and Susan R. Sechler are adult resident citizens of

    DeSoto County, Mississippi, under no disability, who are competent and qualified to

    bring the subject action.

2.  Plaintiffs reside at 3821 Nail Road, Horn Lake, Mississippi 38637 (the "Property") and

    have done so uninterrupted since August 2, 2000.

3.  Defendant U.S. Bank National Association (NMLS ID: 402761), as legal title trustee for

    Truman 2016 SC6 Title Trust, is a non-citizen of Mississippi which may be served with

    process at 60 Livingston Avenue, St. Paul, MN 55107, or 425 Walnut Street, Cincinnati,

    OH 45202, or 800 Nicollet Mall, Minneapolis, MN 55402, or wherever else it may be

    located. U.S. Bank is a national banking association with its main office, as listed in its

    articles of incorporation, in Ohio. As such, U.S. Bank is a citizen of Ohio. See *Bellforest*

*Tr. v. U.S. Bank, Nat'l Ass'n as Tr. for JP Alt 2006-S1*, No. 4:17-CV-01586, 2017 WL 8794878, at *2 (S.D. Tex. Nov. 8, 2017).

4. Complete diversity exists between Plaintiffs and Defendant.

5. The basis for Defendant's removal and federal court jurisdiction is that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because this is a suit between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Defendant pursuant to Miss. Code Ann. § 13-3-57 given that this matter stems from a contract executed and/or performed in whole or in part in DeSoto County, Mississippi.

7. The United States District Court for the Northern District of Mississippi, Oxford Division, embraces DeSoto County, Mississippi.

8. Jurisdiction and venue in this Court is proper under 28 U.S.C. § 1441(a).

9. Defendant U.S. Bank National Association, as legal title trustee for Truman 2016 SC6 Title Trust, alleges it is the "Current Creditor" of the Property, although not a creditor of the Plaintiffs. In other words, U.S. Bank National Association, as legal title trustee for Truman 2016 SC6 Title Trust, alleges it owns and holds a valid security interest in the Property but does not claim it is a creditor of Plaintiffs individually.

10. As the successor and assign of its predecessors, U.S. Bank National Association, as legal title trustee for Truman 2016 SC6 Title Trust, is accountable for the acts and misdeeds of its predecessors in interest.

11. Plaintiffs purchased the Property from the Estate of Clifford R. Dunn on August 2, 2000, and received a warranty deed which was recorded by the DeSoto County Chancery Clerk on August 10, 2000, in book 377 at page 374.

12. Concurrent with the purchase of the Property, Plaintiffs granted a security interest to Wells Fargo Home Mortgage, Inc. Said deed of trust was recorded by the DeSoto County Chancery Clerk on August 10, 2000, in book 1236 at page 656. The Wells Fargo deed of trust was re-recorded on June 18, 2001, in book 1342 at page 279 "for the purpose of adding the Prepayment Rider which was inadvertently omitted upon hte origianl [sic] recording."

13. On July 11, 2002, Plaintiffs refinanced the Property, paying off and having released the Wells Fargo security instrument referenced above, and granting a new security interest to Homecomings Financial Network, Inc. This new deed of trust was recorded July 24, 2002, in book 1535 at page 641. The Wells Fargo deed of trust was released in the instrument recorded at book 1540 page 585.

14. Plaintiffs then refinanced the Property again January 24, 2003, with Novastar Mortgage, Inc., with the beneficiary listed as Mortgage Electronic Registration Systems, Inc. ("MERS") "solely as nominee for Lender, ... and Lender's successors and assigns." Said Novastar deed of trust was recorded on February 12, 2003, in book 1656 at page 711. The Homecomings deed of trust was released on March 19, 2003, in book 1679 at page 671.

15. Plaintiffs then refinanced the Property again on January 29, 2004, with Ameriquest Mortgage Company. The deed of trust describes Ameriquest as "Lender" and states "Lender is the beneficiary under this Security Instrument." The Ameriquest deed of trust

was recorded on March 3, 2004, at book 1937 page 513. The Novastar deed of trust was released on March 22, 2004, in book 1948 at page 564.

16. Nowhere in the Ameriquest deed of trust is MERS designated as the beneficiary.

17. Nowhere in the Ameriquest deed of trust is "Household Financial Services, Inc." mentioned, nor is "Home Loan and Investment Bank, F.S.B." mentioned.

18. Plaintiffs executed a "Fixed Rate Note" on January 29, 2004. At the time Plaintiffs executed the note it bore no indorsement.

19. It was not until September 14, 2022, at 2:20 PM EST that Defendant alleged to Plaintiff that it possessed the original note bearing an in-blank indorsement.

20. In *Sechler 1* (discussed infra), Defendant's predecessor in interest twice presented to the Chancery Court what it represented to be a true and correct copy of the original note. Neither "exact" copy of the note offered to the Chancery Court reflected the in-blank indorsement.

21. How and when Defendant supposedly came into possession of the indorsed note cannot be ascertained by the information available to Plaintiffs and apparently Defendant's supposed predecessors lost track of the note too as the recorded instruments claim.

22. Plaintiffs demand of Defendant pursuant to Miss. Code Ann. § 75-3-501(b)(2) that Defendant (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

23. Plaintiffs demand Defendant prove Defendant is a holder in due course and had the power of foreclosure, plus establish that Plaintiffs were in default at the time of

foreclosure.

24. Under Miss. Code Ann. § 75-3-501(b)(3)(ii), Plaintiffs are entitled to refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

25. Only by the UCC can an entity be determined to be entitled to "receive payments" and enforce the note.

26. Defendant is only entitled to enforce the note in accordance with Miss. Code Ann. § 75-9-203(g) which is rigidly enforced. Only the person entitled to enforce the note can demand payment under the same, directly or via agent, Miss. Code Ann. § 75-3-501(a), and the holder is obligated to produce the instrument when demanded by the debtor. Miss. Code Ann. § 75-3-501(b)(2) and Miss. Code Ann. § 75-3-308(b).

27. Plaintiffs should not have been required to file a lawsuit and then request extraordinary relief to make Defendant present what the Defendant alleges is the original note for their inspection. Plaintiffs incurred significant, unnecessary legal fees to make Defendant do what it should have done under the law.

28. To be a holder in due course, Defendant must also produce proof the note was acquired for consideration, Miss. Code Ann. § 75-3-302(a)(2), and by qualified negotiation. Miss. Code Ann. § 75-3-201.

29. Just because Defendant alleges to have the indorsed note is insufficient. A mortgage/deed of trust is distinct from the debt even though they are closely related. See *Elder v. Jones*, 106 Miss. 489, 64 So. 212 (Miss. 1914) ("It is true there appears a written transfer of the mortgage on its back, but this is in nowise an appointment of R. G. Jones as trustee to foreclose the same, and is itself entirely superfluous, because a transfer of

the notes transfers also the security.") and *Kirby v. Bank of America N.A.*, No. 2:09-CV-182-DCB-JMR, 2012 WL 1067944, at *4 (S.D. Miss. Mar. 29, 2012) (special relationship between a deed of trust and a promissory note entwines the rights and remedies each instrument creates").

30. There is only one original note, and only the person in possession of that original (and possession meaning UCC-qualifying possession, i.e., not agent or bailee) has all rights in the deed of trust whether or not named as an assignee of the deed of trust.

31. "Presentment" in the note is not synonymous with "presentment" under Miss Code Ann. § 75-3-501. The UCC is about the right to demand payments by the person entitled to do so. Section 9 of the Note  is about the discretionary right of the lender to not make demand for payment as expressly provided in section 6(C) of the Note.

32. Almost as if it was intended to make Plaintiffs' point about their confusion of who allegedly owes the debt, during the pendency of this case, Plaintiffs' counsel received on behalf of Plaintiffs a "Mortgage Statement" from Rushmore Loan Management Services which does not even attempt to identify the current creditor but says payments should be made to "Rushmore Loan Management Services LLC" in California.

33. The Chancery Clerk's Marginal Notation Form for the Ameriquest deed of trust is as follows:

| Instrument Type | Book | Page | Lot & SD | Date |
|---|---|---|---|---|
| ASN | 2128 | 389 | | 12/20/2004 |
| ASN | 4196 | 16 | | 07/26/2016 |
| LAA | 4748 | 262 | | 06/24/2019 |
| ASN | 4796 | 167 | | 09/12/2019 |
| SOT | 5258 | 662 | | 06/03/2021 |
| ASN | 5500 | 312 | | 04/01/2022 |
| SOT | 5559 | 188 | | 06/29/2022 |

34. The first such record, an "Assignment of Deed of Trust" (hereinafter referred to as the "Household Assignment") was recorded on December 20, 2004, in book 2128 at page 389.

35. The Household Assignment is from "Household Financial Services, Inc. as Attorney-in-fact for Home Loan and Investment Bank, F.S.B., A Corporation," to "Mortgage Electronic Registrations Systems, Inc, A Corporation." This Assignment lists "Ameriquest Mortgage Company" as the "Original Beneficiary" and attaches as an exhibit a "Limited Power of Attorney" stating that "Home Loan and Investment Bank ("Seller") has sold or intends to sell certain Loans to Household Financial Services, Inc., and its Affiliates (collectively, "Buyer") pursuant to that certain Flow Loan Purchase Agreement…"

36. No explanation of the relationship between Ameriquest and Home Loan and Investment Bank is provided in the Household Assignment.

37. It is unknown to Plaintiffs how or why either Household or Home Loan and Investment Bank obtained any security interest in the Property or ownership of the note.

38. The Household Assignment leaves the "Date of Transfer" blank.

39. The notarial seal on the Limited Power of Attorney attached as an exhibit to the Household Assignment is either entirely missing or was affixed in such a manner that it was not reproduced on the recorded instrument.

40. The Limited Power of Attorney attached as an exhibit to the Household Assignment is dated September 26, 2001, eight hundred fifty-five (855) days **before** Ameriquest was granted a security interest in the Premises.

41. The Household Assignment represented it was an assignment of the deed of trust and "together with the certain promissory note(s) described therein."

42. The second Assignment of Mortgage (July 26, 2016; book 4196 at page 16) is from "HSBC Mortgage Services, Inc., Formerly Known As Household Financial Services, Inc." to "LSF9 Master Participation Trust." No mention of Home Loan and Investment Bank or MERS is contained in this second Assignment (hereinafter referred to as the "HSBC Assignment").

43. The HSBC Assignment was later disavowed by a "Corrective Assignment of Mortgage" recorded on September 12, 2019, at trust book 4 page 167. The Corrective Assignment represents both the ASSIGNOR and the ASSIGNEE on the Household Assignment were incorrect.

44. The Corrective Assignment says MERS was assigning and transferring to U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, all rights in the deed of trust.

45. The MERS® System Procedures Manual, Release 40.00, Effective Date: December 13, 2021 provides in relevant part that "MERS Signing Officers are not authorized to ratify, affirm, or disavow the acts of MERS. For example: After MERS has assigned its interest in a mortgage to one company, and that interest has not been assigned back to MERS, a

MERS Signing Officer is not authorized to execute a subsequent MERS assignment to purport to change or 'correct' the assignee to be a different company."

46. Between the HSBC Assignment and the Corrective Assignment a "Lost Assignment Affidavit" was recorded by Caliber Home Loans, Inc. as attorney in fact for LSF9 Master Participation Trust on June 24, 2019.

47. The "Lost Assignment Affidavit" that stated the Plaintiffs' "Note and Deed of Trust/Mortgage and [sic] was subsequently sold and purportedly assigned to LSF9 Master Participation Trust" but "THAT required Assignment by Ameriquest Mortgage Company (*ASSIGNOR*) to Household Financial Services (*ASSIGNEE*) has not been recorded and the original has been lost or misplaced."

48. The Lost Assignment Affidavit was dated May 31, 2019, yet the notary alleges that Dannielle Ewald, Authorized Signatory of Caliber Home Loans, Inc. executed the instrument nearly two months earlier, on April 3, 2019.

49. At the time of the Lost Assignment Affidavit, the note and deed of trust were, supposedly, assigned to MERS in the Household Assignment from December 2004. There is also the HSBC Assignment from 2016 to be considered and further casting doubt on the accuracy of all these representations. Moreover, on May 19, 2019, Plaintiffs received a dunning letter from Shapiro Brown (now known as LOGS Legal Group) indicating that US Bank Trust NA intended to foreclose on the Property. The putative creditor never disclosed these inconsistencies to Plaintiffs or the Court and continued ahead with foreclosure despite the discrepancies in the creditor's own records. This lack of candor, failure of disclosure, and contradiction was a pattern and practice throughout the term of the loan.

50. The original Ameriquest deed of trust would, purportedly, be assigned more times to new or different entities. Few, if any, of these purported transfers were correct and therefore corrective instruments were sometimes filed, and sometimes not. Some assignment documents were, allegedly, lost entirely by the lender(s) but may not have ever existed in fact.

51. These purported new holders of the note and deed of trust would also substitute other trustees to carry out foreclosure proceedings without any acknowledgement of the prior issues, the recognition that corrective instruments do not have a retroactive effect to create a delinquency/default, and other improper actions.

52. U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, brought a Complaint for Judicial Foreclosure before the Chancery Court of DeSoto County, Mississippi in matter 17CH1:19-cv-01384 ("*Sechler 1*").

53. U.S. Bank Trust, N.A. noted some of the deficiencies and therefore alleged in paragraph 15 of its Complaint "That because of the missing assignment(s), Plaintiff is unable to proceed with a Power of Sale of Foreclosure as contemplated in the Deed of Trust and is therefore unable to enforce the payment of the indebtedness."

54. *Sechler 1* was decided by a "Judgment" dated November 2, 2020. Following the entry of an "Order Denying Defendants' Motion to Set Aside Judgment" dated July 1, 2021, Plaintiffs appealed to the Mississippi Supreme Court in Case No.: 2021-CP-00870.

55. On September 23, 2021, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, by Fay Servicing LLC, its attorney in fact, executed an "Assignment of Deed of Trust" to U.S. Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust" (hereinafter the "LSF9 Assignment").

56. The LSF9 Assignment was not recorded with the Chancery Clerk of DeSoto County, Mississippi until April 1, 2022, in trust book 5500 page 3.

57. On November 12, 2021, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, moved the Supreme Court to dismiss the appeal because, *inter alia*, U.S. Bank Trust, N.A. failed to obtain a judgment against Ameriquest Mortgage Company and thus there was no final judgment as to all parties.

58. U.S. Bank Trust, N.A. did not disclose to the Mississippi Supreme Court that LSF9 Master Participation Trust had assigned the note and deed of trust two months earlier.

59. U.S. Bank Trust, N.A. also did not disclose to the Supreme Court that in Plaintiffs' bankruptcy proceeding an attorney named Natalie K. Brown, believed to be with the firm Rubin Lublin who was representing U.S. Bank Trust, N.A. filed a Notice of Appearance and Request for Notice on July 8, 2021, on behalf of U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust.

60. The date of the appearance on behalf of U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust in the bankruptcy case precedes both the assignment and the: motion to suspend briefing filed by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (October 20, 2021); and the motion to reinstate and dismiss appeal filed by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (November 12, 2021).

61. Neither U.S. Bank Trust, N.A. nor Rubin Lublin disclosed to the Mississippi Supreme Court that LSF9 Master Participation Trust was no longer the real party interest. U.S. Bank Trust, N.A. concealed this information from the Supreme Court and Plaintiffs for its own, improper purposes.

62. Plaintiffs joined with the motion to dismiss filed by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust. On February 16, 2022, the Supreme Court dismissed the appeal and remanded the case back to the Chancery Court for further proceedings.

63. *Sechler 1* was then voluntarily dismissed before the Chancery Court at the instance of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust on March 21, 2022. Peter L. Lublin signed the Stipulation of Dismissal on behalf of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

64. On or about June 29, 2022, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust recorded a (purported) substitution of trustee (undated) in favor of Rubin Lublin, LLC, claiming rights and interests under the Ameriquest deed of trust.

65. Sometime before July 23, 2022, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, by and through Rubin Lublin, LLC, sent Plaintiffs a notice that "The Current Creditor is only seeking to enforce its right against the secured property."

66. On or about August 16, 2022, Defendant published a "Notice of Substitute Trustee's Sale" indicating that a non-judicial foreclosure sale of the Property would be conducted on September 29, 2022.

67. Defendant still had the same deficiencies in the purported security instrument which prevented non-judicial foreclosure nearly three years ago. Plaintiffs granted Defendant no new or corrective rights, nor did Plaintiffs ratify any of the defects in Defendant's purported title.

68. Every instrument after the Ameriquest deed of trust is void and unenforceable and the Court should so declare.

69. Despite Plaintiffs' extraordinary efforts to prevent it and Defendant's actual knowledge of the wrongfulness of its conduct, Defendant non-judicially foreclosed on Plaintiff's home on September 29, 2022.

70. Defendant failed to strictly comply with the requirements of the Ameriquest deed of trust prior to its foreclosure. Defendant had actual knowledge of the defect in its foreclosure proceedings but went forward anyway.

71. Subsequent to the foreclosure sale, Defendant or its agent delivered a notice entitled "Knowing Your Options" which stated, among other things, "The following property has been acquired and is now owned by the bank."

72. As of the authorship of this First Amended Complaint, no substitute trustee's deed has been filed of record with the DeSoto County Chancery Clerk. Plaintiffs are unsure what "bank" alleges it owns the Property.

73. Plaintiffs expect Defendant or other purchaser to seek their eviction and have, out of necessity, undertaken expense and inconvenience to make alternative arrangements for not only their housing but also for the care and maintenance of their numerous dogs. Plaintiffs' exact damages remain to be determined, but include compensatory damages for loss of income, intentional or reckless infliction of emotional harm, moving expenses, storage expenses, boarding expenses, damage to career, loss of home and security, and such other distress as follows a wrongful eviction. Plaintiffs have incurred extensive legal expenses to try to remedy Defendant's mishandling of the loan, its predecessor breaking its loan modification agreement, and the other wrongs described in herein. Plaintiffs

were unnecessarily forced into bankruptcy by Defendant's actions and first attempted wrongful foreclosure.

74. Defendant was provided with actual notice of and possessed actual knowledge of the hardship that would result from the foreclosure sale and that the foreclosure could adversely affect the health and wellbeing of Plaintiffs' Irish wolfhounds which are a particularly sensitive breed.

75. Defendant went forward with the foreclosure anyway despite all this knowledge and Plaintiffs' efforts to seek an alternative remedy.

76. The Court should enter a declaratory judgment that the security instrument(s) through which Defendant asserts its rights is void.

77. Plaintiffs are entitled to all compensatory damages which resulted from Defendant's actions and wrongful foreclosure.

78. The Court should appropriately sanction the Defendant for its lack of candor in the recorded instruments as well as in prior legal proceedings.

79. The Court should declare that Plaintiffs owe nothing to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, or any other, and enjoin the Defendant from further collection activities against the Property and/or the Plaintiffs.

80. Plaintiffs should be awarded their reasonable damages including emotional distress, court costs, attorney fees, and other compensatory damages to be proven at trial.

81. Due to Defendant's pattern of actual malice, gross negligence which evidences a willful, wanton or reckless disregard for rights of Plaintiffs, and/or committed actual fraud, especially by asserting alleged remedies that Defendant knows it is not entitled to (having established this point in its own writings), failing to make material

Page **14** of **15**

representations, and all the while causing Plaintiffs considerable grief and consternation, Plaintiffs should be awarded exemplary damages against Defendant in the maximum amount permitted by Mississippi Code § 11-1-65.

WHEREFORE, PREMISES CONSIDERED, your Plaintiffs respectfully pray for the relief set forth supra, together with any and all other relief, general or specific, appropriate in the circumstances.



/s/ _____
CHRISTOPHER L. SECHLER

/s/ _____
SUSAN R. SECHLER

BY: FREELAND MARTZ, PLLC

_____
M. REED MARTZ, MS BAR 101443

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
reed@freelandmartz.com

**<u>Certificate of Service</u>**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Amanda M. Beckett, Esq.          abeckett@rubinlublin.com
                                 ab-ecf-notifications@rubinlublin.com
                                 amandambeckett@gmail.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

/s/ <u>M. Reed Martz, MS Bar 101443</u>