Last Updated: Jan 2022
FORM 1 (ND/SD MISS. JAN 2022)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| CHRISTOPHER L. SECHLER and<br>SUSAN R. SECHLER | **PLAINTIFF** |
| v. | **CIVIL ACTION**<br>**NO. 3:22-cv-00198-DMB-RP** |
| U.S. BANK NATIONAL ASSOCIATION,<br>TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST | **DEFENDANT** |

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** 2

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** 4

   **EXPERT TESTIMONY EXPECTED:** Yes   **NO. OF EXPERTS:** 1-2

   Enter explanation (if necessary) here:

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   A settlement conference with the court will be set.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __2__ fact witness depositions per party without additional approval of the Court.

Form 1 (ND/SD Miss. Jan 2022)

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Plaintiffs intend to seek discoverable ESI from Defendant, to the extent the same exists, regarding the history of exchange and possession of the promissory note and deed of trust. Plaintiffs are unsure of what form/type of data is responsive to this request and will work with Defendant to ascertain how to obtain the information in its native format. Unless otherwise agreed, discoverable ESI will be produced in its native format.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL

   beginning on: October 23, 2023 , at 10:30 , a.m. , in Greenville ,

   Mississippi, before United States District Judge Debra M. Brown .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS _____. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: September 21, 2023 , at 10:00 , a.m. ,

   in Greenville , Mississippi, before United States Magistrate

   Judge Roy Percy .

   C. **Discovery.** All discovery must be completed by: April 26, 2023 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by: December 12, 2022 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s): January 26, 2023 .

   **2.** Defendant(s): February 27, 2023 .

8. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: May 17, 2023 . The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **Settlement Conference.**

   A SETTLEMENT CONFERENCE is set on: April 26, 2023 , at 2:00 , p.m. in Oxford , Mississippi, before United States Magistrate Judge Roy Percy .

   Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **Report Regarding ADR.** On or before (7 days before FPTC) September 14, 2023 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**So Ordered:**

October 26, 2022                    /s/ Roy Percy
DATE                                UNITED STATES MAGISTRATE JUDGE