UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTOPHER L. SECHLER and**
**SUSAN R. SECHLER**                                                      **PLAINTIFFS**

                                             **CAUSE NO. 3:22-cv-00198-DMB-RP**

**U.S. BANK NATIONAL ASSOCIATION,**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**                   **DEFENDANT**

---

**MEMORANDUM BRIEF IN SUPPORT OF**
**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

---

COME NOW, Christopher L. Sechler and Susan R. Sechler, pursuant to Local Uniform

Civil Rule 7(b)(3)-(4), in opposition to Defendant's Motion to Dismiss Amended Complaint

[Doc. 42].

The Note Is Unenforceable

Defendant claims to be the owner of, and entity entitled to collect on, a promissory note

that Defendant admits has been in default for greater than seven (7) years[1] for a debt having a

six year statute of limitations. Plaintiffs contend the note is not enforceable for reasons

explained at length in their First Amended Complaint [Doc. 40], including but not just limited to

the statute of limitations.[2] Plaintiffs contend the Defendant had actual knowledge that the

---

[1] Doc. 43, pages 1-2 ("the Plaintiffs did not dispute that they have not paid their mortgage since June 2015 ...Plaintiffs admitted that they have not paid their mortgage in over seven years.") See also Doc. 11, page 2 ("Plaintiffs do not dispute that they have not paid their mortgage since June 2015"); Doc. rr, page 11 ("Plaintiffs do not dispute that they have not made a payment on their mortgage since June 2015 - over seven years ago."); Doc. 29, pages 15-16 ("What is true is that the Plaintiffs have not made a mortgage payment in over seven years.")

[2] Plaintiffs have contended since the original complaint that "Plaintiffs owe nothing to U.S. Bank National Association" and that the bank should be enjoined "from further collection activities against the Property and/or the Plaintiffs." See Complaint, Doc. 2, at ¶¶ 39-40. A similar allegation is contained in Doc. 40 at ¶79.The First Amended Complaint alleges the note is unenforceable. The statute of limitations is discussed in Doc. 36. Reference: Mississippi Code § 75-3-118.

1

indebtedness was not enforceable but proceeded to non-judicially foreclosure on their house anyway with a conscious disregard of their rights.[3] Plaintiffs claim they are "entitled to all compensatory damages which resulted from Defendant's actions and wrongful foreclosure."[4] Plaintiffs further seek a declaration that "Plaintiffs owe nothing to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, or any other, and enjoin the Defendant from further collection activities against the Property and/or the Plaintiffs."[5]

Viable Claims Are Asserted

Defendant asks this Court to dismiss the suit because the suit does not assert even a single claim plausible on its face.[6] Accepting all the allegations as true and correct,[7] Defendant argues it cannot be liable for purportedly conveying ownership of Plaintiffs' homestead property for a debt it is not entitled to collect.

US Bank Was Not Entitled to Enforce the Deed of Trust

Defendant's first ground for its position is that the original deed of trust is valid and as the holder of the note it can foreclose. But that is a circular argument. Defendant ignores the fact that Plaintiffs plead that Defendant has failed to prove it is the holder in due course and that Defendant is prevented from enforcing the note. If Defendant is not established as the proper holder of the (valid) note, Defendant has no right to enforce the power of sale within the deed of trust.[8] It is of no moment that the original mortgagee, Ameriquest, had the power of foreclosure if Defendant did not succeed that authority. Defendant cannot enforce the power of foreclosure

---

[3] *Inter alia*, the First Amended Complaint [Doc. 40] succinctly alleges: "¶69. Despite Plaintiffs' extraordinary efforts to prevent it and Defendant's actual knowledge of the wrongfulness of its conduct, Defendant non-judicially foreclosed on Plaintiffs home on September 29, 2022."
[4] First Amended Complaint [Doc. 40] at ¶77.
[5] First Amended Complaint [Doc. 40] at ¶79.
[6] Doc. 43, pages 7-8.
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[8] First Amended Complaint [Doc. 40] at ¶¶29, 67, 68.

if it is not a proper holder of the note, a specific issue put before the Court.[9]

Plaintiffs Have A Viable Wrongful Foreclosure Claim

First, for later purposes of rebutting the allegation of "shotgun pleading," Plaintiffs would note that Defendant clearly appreciates that Plaintiffs have articulated a claim for wrongful foreclosure.[10]

Next, Plaintiffs would show that the case law cited by Defendant establishes that a mortgagee may be liable for wrongful foreclosure which is the result of negligent or bad faith foreclosure.[11] Defendant argues that there are no allegations that would support a claim for wrongful foreclosure because Defendant contends - in direct contradiction to the assumed true allegations of the First Amended Complaint - that it is established U.S. Bank "was the holder of the Note and entitled to foreclose the Deed of Trust."[12] This is really a remarkable claim to make in a Rule 12 motion.

Defendant wrongly asserts "There are no facts alleged that U.S. Bank acted negligently or in bad faith or from a malicious desire to injure the Plaintiffs." Plaintiffs would cite the Court to the following paragraphs of the First Amended Complaint which directly belie the claim.

> 69. Despite Plaintiffs' extraordinary efforts to prevent it and Defendant's actual knowledge of the wrongfulness of its conduct, Defendant non-judicially foreclosed on Plaintiffs home on September 29, 2022.
> 70. Defendant failed to strictly comply with the requirements of the Ameriquest deed of trust prior to its foreclosure. Defendant had actual knowledge of the defect in its foreclosure proceedings but went forward anyway.
> ***
> 73. ... Plaintiffs have incurred extensive legal expenses to try to remedy Defendant's mishandling of the loan, its predecessor breaking its loan modification agreement, and the other wrongs described in herein. Plaintiffs were unnecessarily forced into bankruptcy by Defendant's actions and first attempted wrongful foreclosure.

---

[9] First Amended Complaint [Doc. 40] at ¶¶ 18, 22-24, 26-29.
[10] See Doc. 43, page 13 ("One of the claims in the Amended Complaint ... is for wrongful foreclosure.")
[11] See Doc. 43, page 13 citing *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934,935-36 (Miss. 1978).
[12] See Doc. 43, page 13.

\*\*\*

75. Defendant went forward with the foreclosure anyway despite all this knowledge and Plaintiffs' efforts to seek an alternative remedy.

76. The Court should enter a declaratory judgment that the security instrument(s) through which Defendant asserts its rights is void.

77. Plaintiffs are entitled to all compensatory damages which resulted from Defendant's actions and wrongful foreclosure.

\*\*\*

81. Due to Defendant's pattern of actual malice, gross negligence which evidences a willful, wanton or reckless disregard for rights of Plaintiffs, and/or committed actual fraud, especially by asserting alleged remedies that Defendant knows it is not entitled to (having established this point in its own writings), failing to make material representations, and all the while causing Plaintiffs considerable grief and consternation, Plaintiffs should be awarded exemplary damages against Defendant in the maximum amount permitted by Mississippi Code § 11-1-65.

Sanctions Are An Appropriate Remedy

Plaintiffs request sanctions as a form of relief for Defendant's (mainly its alleged predecessors' in interest) lack of candor "in the recorded instruments as well as in prior legal proceedings." Defendant addresses only the latter, citing a Ninth Circuit court case. Defendant makes no attempt to defend the contradictory and inaccurate documents described in the First Amended Complaint. *Cf.* ¶ 43 in which the HSBC Assignment was 'corrected' because both parties to the instrument were wrong and ¶ 47 when an affidavit was drafted because a "required" assignment was "lost or misplaced." Plaintiffs' request is part of their request for compensatory damages resulting from Defendant's acts or omissions.

Plaintiffs State a Claim They Owe Nothing

To avoid prolixity, Plaintiffs would incorporate by reference the preceding paragraphs addressing this issue for the reasons therein cited and contained in the First Amended Complaint.

Plaintiffs Are Entitled to Damages

Plaintiffs do not believe that damages are a cause of action. Damages are compensation for those injuries identified in the First Amended Complaint.

4

Plaintiffs Are Entitled to Punitive Damages

¶ 81 alleges that Defendant is liable for exemplary damages for "asserting alleged remedies that Defendant knows it is not entitled to (having established this point in its own writings), failing to make material representations, and all the while causing Plaintiffs considerable grief and consternation." ¶ 73 alleges "intentional or reckless infliction of emotional harm." These allegations, when proven true, will meet the factors found in Mississippi Code § 11-1-65 to support punitive damages. The claim for damages should be sustained.

The First Amended Complaint Is Not Shotgun Pleading

Plaintiffs are not guilty of "shotgun pleading." So-called shotgun pleading is "calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (2015) quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n. 14 (11th Cir.1985) (Tjoflat, J., dissenting). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Plaintiffs have not attempted to conceal either the facts or law. Plaintiffs are not attempting to mask their theories for relief. Plainly stated, Plaintiffs do not owe the note, U.S. Bank is not entitled to enforce the note, U.S. Bank was not entitled to foreclose on their home, and as a result Defendant is liable for Plaintiffs' resulting damages.

Federal Rule 8 does not require claims be divided into counts. "In short, technical requirements have been discarded, the sole requirement now being that enough be pleaded that the other party has fair notice of the claims presented sufficient to defend itself." Thomas A. Mauet, Pretrial, 5th ed., page 123. U.S. Bank's motion to dismiss is clear that it understands the

basis of the claims against it.

WHEREFORE, Plaintiffs respectfully request this Court: 1) deny Defendant's motion to dismiss; and 2) for such other and further relief as the Court deems just and proper.

CHRISTOPHER L. SECHLER and SUSAN R. SECHLER

BY: FREELAND MARTZ, PLLC

/s/ Reed Martz

_____
M. REED MARTZ, MS BAR 101443

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
reed@freelandmartz.com

**Certificate of Service**

I hereby certify that on December 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Amanda M. Beckett, Esq.       abeckett@rubinlublin.com
ab-ecf-notifications@rubinlublin.com
amandambeckett@gmail.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

/s/ M. Reed Martz, MS Bar 101443

6