IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTOPHER L. SECHLER**                                                                   **PLAINTIFFS**
**and SUSAN R. SECHLER**

**V.**                                                                                       **NO. 3:22-CV-198-DMB-RP**

**U.S. BANK NATIONAL**
**ASSOCIATION, Trustee for**
**Truman 2016 SC6 Title Trust**                                                **DEFENDANT**

**OPINION AND ORDER**

U.S. Bank National Association, Trustee for Truman 2016 SC6 Title Trust, moves to dismiss Christopher and Susan Sechler's wrongful foreclosure complaint. Because the Sechlers do not dispute that they defaulted on the subject loan, they cannot succeed on their wrongful foreclosure claim and dismissal is warranted.

**I**
**Procedural History**

On August 15, 2022, Christopher L. Sechler and Susan R. Sechler filed a complaint in the Circuit Court of Desoto County, Mississippi, against U.S. Bank National Association, Trustee for Truman 2016 SC6 Title Trust. Doc. #2. The complaint, which alleged claims challenging the assignments of a deed of trust on the Sechlers' home, requested (1) U.S. Bank be "enjoined and judicially estopped from non-judicial foreclosure proceedings," (2) "a declaratory judgment that the security instrument(s) through which [U.S. Bank] asserts its rights is void" and that the Sechlers "owe nothing to U.S. Bank;" and (3) "reasonable damages including emotional distress, court costs, attorney fees, and other compensatory damages," as well as "exemplary damages." *Id.* at 7.

Invoking diversity jurisdiction,[1] U.S. Bank removed the case to the United States District Court for the Northern District of Mississippi on September 14, 2022. Doc. #1. Six days later, the Sechlers filed an "Urgent and Necessitous Motion" seeking a preliminary injunction "enjoining [U.S. Bank] from proceeding with a non-judicial foreclosure sale on September 29, 2022." Doc. #5. At a September 28, 2022, hearing on the motion, the Court denied the requested injunctive relief, concluding that because there was no dispute the Sechlers failed to make their required payments, they had not shown a likelihood of success on the merits or an irreparable injury, that the damage to them outweighed the damage to U.S. Bank, or that the public interest favored an injunction. Doc. #15; *see* Doc. #18.

With leave of the Court,[2] the Sechlers filed an amended complaint on November 7, 2022. Doc. #40. The amended complaint, which does not set forth separate counts with specific causes of action, includes additional facts concerning the foreclosure and requests (1) a declaratory judgment "that the security instrument(s) through which [U.S. Bank] asserts its rights is void" and that the Sechlers "owe nothing to U.S. Bank … or any other;" (2) "compensatory damages which resulted from [U.S. Bank's] actions and wrongful foreclosure;" (3) sanctions against U.S. Bank "for its lack of candor in the recorded instruments as well as in prior legal proceedings;" (4) "reasonable damages including emotional distress, court costs, attorney fees, and other compensatory damages;" and (5) "exemplary damages … in the maximum amount permitted by Mississippi Code § 11-1-65." *Id.* at 14–15.

---

[1] Specifically, the notice of removal alleges the Sechlers "are citizens of Mississippi," U.S. Bank "is a national banking association with its main office, as listed in its articles of incorporation, in Ohio" such that it "is a citizen of Ohio," and the amount in controversy is satisfied because the "DeSoto County Tax Assessor has appraised the Property to be worth $184,652.00." Doc. #1 at 2–3. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for [diversity jurisdiction] purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

[2] Doc. #39.

On November 15, 2022, U.S. Bank moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #42. The motion is fully briefed. Docs. #43, #50, #52.

U.S. Bank filed a motion in limine on February 1, 2023, seeking "an order excluding Robert M. Janes as an expert witness on behalf of the [Sechlers]."[3] Doc. #61.

## II
## Standard

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The court accepts well-pled facts as true and views them in the light most favorable to the plaintiff. Dismissal is appropriate if the facts pled are not enough to state a facially plausible claim for relief. Plausibility is not akin to probability, but instead it asks for more than a sheer possibility that a defendant has acted unlawfully. All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor.

*Vardeman v. City of Houston*, 55 F.4th 1045, 1050 (5th Cir. 2022) (cleaned up). "At the 12(b)(6) stage, the court may consider the complaint in its entirety, including documents incorporated into the complaint by reference." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 252 n.2 (5th Cir. 2021) (internal quotation marks omitted).

## III
## Factual Allegations

Christopher and Susan Sechler reside at 3821 Nail Road, Horn Lake, Mississippi ("Property"), which they purchased "from the Estate of Clifford R. Dunn on August 2, 2000," and for which they "received a warranty deed which was recorded by the DeSoto County Chancery Clerk on August 10, 2000." Doc. #40 at 1, 3. "Concurrent with the purchase of the Property, [they] granted a security interest to Wells Fargo Home Mortgage, Inc." *Id.* at 3.

---

[3] U.S. Bank initially filed the motion on January 30, 2023, Doc. #58, but refiled it two days later as instructed by the Clerk of Court because the initial motion was not signed by local counsel.

"On July 11, 2002, [the Sechlers] refinanced the Property, paying off and having released the Wells Fargo security instrument … and granting a new security interest to Homecomings Financial Network, Inc." *Id.* They "then refinanced the Property again January 24, 2003, with Novastar Mortgage, Inc., with the beneficiary listed as Mortgage Electronic Registration Systems, Inc. ('MERS') 'solely as nominee for Lender, … and Lender's successors and assigns." *Id.*

The Sechlers refinanced the Property a third time "on January 29, 2004, with Ameriquest Mortgage Company. The deed of trust describes Ameriquest as 'Lender' and states 'Lender is the beneficiary under this Security Instrument.'" *Id.* Also on that date, the Sechlers "executed a 'Fixed Rate Note.'" *Id.* at 4. "At the time [they] executed the note it bore no indorsement." *Id.*

The first recorded assignment of, presumably, the Ameriquest Deed of Trust "was recorded on December 20, 2004" ("Household Assignment"). *Id.* at 7.

> The Household Assignment is from "Household Financial Services, Inc. as Attorney-in-fact for Home Loan and Investment Bank, F.S.B., A Corporation," to "Mortgage Electronic Registrations Systems, Inc, A Corporation." This Assignment lists "Ameriquest Mortgage Company" as the "Original Beneficiary" and attaches as an exhibit a "Limited Power of Attorney" stating that "Home Loan and Investment Bank ("Seller") has sold or intends to sell certain Loans to Household Financial Services, Inc., and its Affiliates (collectively, "Buyer") pursuant to that certain Flow Loan Purchase Agreement..."
>
> No explanation of the relationship between Ameriquest and Home Loan and Investment Bank is provided in the Household Assignment.

*Id.* "The Household Assignment represented it was an assignment of the deed of trust and 'together with the certain promissory note(s) described therein.'" *Id.* at 8.

A second assignment recorded on July 26, 2016 ("HSBC Assignment"), "is from 'HSBC Mortgage Services, Inc., Formerly Known As Household Financial Services, Inc.' to 'LSF9 Master Participation Trust.' No mention of Home Loan and Investment Bank or MERS is

4

contained in this second Assignment." *Id*. A "Lost Assignment Affidavit" recorded on June 24, 2019, "stated the [Sechlers'] 'Note and Deed of Trust/Mortgage and [sic] was subsequently sold and purportedly assigned to LSF9 Master Participation Trust' but 'THAT required Assignment by Ameriquest Mortgage Company (*ASSIGNOR*) to Household Financial Services (*ASSIGNEE*) has not been recorded and the original has been lost or misplaced.'" *Id.* at 9. The HSBC Assignment "was later disavowed by a 'Corrective Assignment of Mortgage' recorded on September 12, 2019," stating that "MERS was assigning and transferring to U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, all rights in the deed of trust." *Id.* at 8.

"U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, brought a Complaint for Judicial Foreclosure before the Chancery Court of DeSoto County, Mississippi … ('*Sechler 1*')." *Id.* at 10. The complaint in *Sechler 1* "noted some of the deficiencies [in the assignments] and therefore alleged … 'That because of the missing assignment(s), Plaintiff is unable to proceed with a Power of Sale of Foreclosure as contemplated in the Deed of Trust and is therefore unable to enforce payment of the indebtedness.'" *Id.* The DeSoto County Chancery Court entered judgment in *Sechler 1* in favor of U.S. Bank[4] on November 2, 2020, and the Sechlers appealed. *Id.*

"On September 23, 2021, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust … executed an 'Assignment of Deed of Trust' to U.S. Bank National Association as legal title trustee for Truman 2016 SC6 Title Trust' (hereinafter the 'LSF9 Assignment')." *Id.* "The LSF9 Assignment was not recorded … until April 1, 2022 …." *Id.* at 11. After the assignment occurred but before it was recorded, "U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, moved the [Mississippi] Supreme Court to dismiss the appeal [in *Sechler 1*]

---

[4] Doc. #5-4.

5

because … U.S. Bank Trust, N.A. failed to obtain a judgment against Ameriquest Mortgage Company and thus there was no final judgment as to all parties" but U.S. Bank Trust, N.A. "did not disclose … that LSF9 Master Participation Trust had assigned the note and deed of trust two months earlier." *Id.* After the Mississippi Supreme Court dismissed the appeal and remanded the case, "*Sechler 1* was … voluntarily dismissed … on March 21, 2022." *Id.* at 12.

> On or about June 29, 2022, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust recorded a (purported) substitution of trustee (undated) in favor of Rubin Lublin, LLC, claiming rights and interests under the Ameriquest deed of trust.
>
> Sometime before July 23, 2022, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, by and through Rubin Lublin, LLC, sent [the Sechlers] a notice that "The Current Creditor is only seeking to enforce its right against the secured property."
>
> On or about August 16, 2022, [U.S. Bank] published a "Notice of Substitute Trustee's Sale" indicating that a non-judicial foreclosure sale of the Property would be conducted on September 29, 2022.

*Id.* U.S. Bank "non-judicially foreclosed on [the Sechlers'] home on September 29, 2022." *Id.* at 13.

# IV
## Analysis

In moving to dismiss, U.S. Bank argues the amended complaint is a shotgun pleading because it "does not separate claims into separate counts."[5] Doc. #43 at 8 & n.1. The Sechlers respond that they "have articulated a claim for wrongful foreclosure."[6] Doc. #50 at 3.

---

[5] U.S. Bank asserts that it "has tried as best it could to identify the claims that the [Sechlers] seem to be trying to bring, but if this Court believes that anything can survive past this motion, then the Plaintiffs should be ordered to file a Second Amended Complaint that fully complies with Rule 8(a) and clearly sets forth each claim in individual counts." Doc. #43 at 16–17.

[6] Because the wrongful foreclosure claim is the only claim—as opposed to remedy—the Sechlers defend in response to U.S. Bank's argument, the Sechlers have abandoned all other claims they attempted to assert in the amended complaint. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims.").

With respect to wrongful foreclosure, U.S. Bank argues that under Mississippi law, "the holder of the promissory note can foreclose and no assignment of the deed of trust is required;" to the extent the Sechlers assert "they have the right to see the Note pursuant to Miss. Code Ann. § 75-3-501" and "[s]etting aside the fact that they saw the Note at the hearing on September 28, Miss. Code Ann. § 75-3-501 addresses 'presentment,' which is expressly waived in the Note;" the Sechlers "admit in the Amended Complaint that U.S. Bank is in possession of the Note and it is endorsed in blank;" and "[a] party in possession of a promissory note endorsed in blank (i.e., payable to bearer) is considered the holder of the note and is entitled to enforce its provisions, along with the connected deed of trust." Doc. #43 at 9–12. According to U.S. Bank, "there are no allegations whatsoever that could support a wrongful foreclosure claim, especially as it has been established that U.S. Bank was the holder of the Note and entitled to foreclose the Deed of Trust." *Id.* at 13.

> The Sechlers respond that they
>
> plead that [U.S. Bank] has failed to prove it is a holder in due course and that [it] is prevented from enforcing the note. If [U.S. Bank] is not established as the proper holder of the (valid) note, [it] has no right to enforce the power of sale within the deed of trust. It is of no moment that the original mortgagee, Ameriquest, had the power of foreclosure if [U.S. Bank] did not succeed that authority.

Doc. #50 at 2. They argue that the note "is not enforceable for reasons explained at length in their First Amended Complaint … including but not just limited to the statute of limitations" under Mississippi Code § 75-3-118. *Id.* at 1 & n.2.

U.S. Bank replies that the amended complaint fails "to state any claim that the promissory note is unenforceable;" the Sechlers' argument regarding its failure to prove that it is a holder in due course is "devoid of any citation to authority;" and "'holder in due course' status is irrelevant." Doc. #52 at 2, 3.

7

"Under Mississippi law, a mortgagor may recover damages for wrongful foreclosure where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor or where the foreclosure is conducted negligently or in bad faith, to his detriment." *Helmert v. Cenlar FSB*, 802 F. App'x 125, 127 (5th Cir. 2020) (cleaned up). However, as the Fifth Circuit recognized in *Helmert*, "Mississippi case law holds that when an obligor defaults, the trustee of the deed may foreclose, and the obligor lacks standing to pursue a wrongful-foreclosure claim." *Id.* at 127–28. Accordingly, in *Helmert*, when there was no dispute that the plaintiff "defaulted on the Deed, [he] lack[ed] standing to assert … wrongful foreclosure claims." *Id.* (affirming dismissal despite the plaintiff's arguments that the defendant's predecessor in interest "negligently and/or fraudulently assigned the [Deed of Trust]" to the defendant because the plaintiff "conceded that he was in default and [the defendant] thereby had a right to foreclose").

Here, the Sechlers do not dispute that they were in default on the note. *See* Doc. #50 at 1 (stating the note "has been in default for greater than seven (7) years"). Thus, under Mississippi law, the Sechlers lack standing[7] to assert a wrongful foreclosure claim. *Helmert*, 802 F. App'x at 127; *see Patton v. Am. Home Mortg. Servicing, Inc.*, No. 1:11-cv-420, 2013 WL 1310560, at *3 (S.D. Miss. Mar. 28, 2013) (absence of standing to pursue wrongful foreclosure claim because the plaintiff "admittedly defaulted on the Note" and "[r]egardless of who held the Note, foreclosure was authorized by the terms of the Deed of Trust"). Dismissal of the wrongful foreclosure claim must be granted.

With respect to the Sechlers' statute of limitations argument, under Mississippi Code § 89-5-19 the statute of limitations begins to run "from and after the maturity date of the last note

---

[7] This is not an issue of Article III standing but rather an issue of prudential standing, which "does not present a jurisdictional question, but a merits question: who, according to the governing substantive law, is entitled to enforce the right?" *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) (internal quotation marks omitted).

or last installment." Both the Deed of Trust and the Note reflect a maturity date of March 1, 2034. Doc. #5-1 at 1; Doc. #5-3 at PageID 58.[8] Thus, the statute of limitations for U.S. Bank to foreclose has not run, which negates the Sechlers' claim the foreclosure was wrongful due to the expiration of the statute of limitations. *See Hopson v. Specialized Loan Servicing, LLC*, No. 3:17-cv-832, 2018 WL 2449180, at *5 (S.D. Miss. May 29, 2018) (rejecting argument that foreclosure was untimely under § 89-5-19 because the maturity date of the loan had not passed); *Walker v. Chase Manhattan Mortg. Corp.*, No. 1:12-cv-376, 2013 WL 10254348, at *2 (S.D. Miss. Apr. 23, 2013) ("The first missed payment date does not trigger the statute of limitations. The [plaintiffs'] note is one payable in installments, and therefore the statute of limitations begins to run 'from and after the maturity date of the … last installment.'").

Because dismissal of the Sechlers' wrongful foreclosure claim is warranted—which claim is the only independent claim the Sechlers defend in response to the motion to dismiss—the motion to dismiss will be granted and the motion in limine denied as moot.

## V
## Conclusion

U.S. Bank's motion to dismiss [42] is **GRANTED**. U.S. Bank's motion in limine [61] is **DENIED as moot**. This case is **DISMISSED with prejudice**.

**SO ORDERED**, this 3rd day of February, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[8] While the Deed of Trust and the Note are not attached to the amended complaint, they are referenced in the amended complaint and so properly considered on a Rule 12(b)(6) motion. *See Petrobras Am., Inc.*, 9 F.4th at 252 n.2.